UNITED STATE DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LAURA COPELAND HENLEY, ) <br> ) <br> Plaintiff, ) <br> ) Cause No.: 4:22-cv-109 <br> v. ) <br> ) <br> MHM SUPPORT SERVICES, ) <br> 221 Bolivar St. ) (JURY TRIAL DEMANDED) <br> Jefferson City, MO 65101 ) <br> ) <br> Defendant. ) | |

# COMPLAINT

COMES NOW Plaintiff Laura Copeland Henley, by and through her undersigned attorney, alleges and states as follows:

## PRELIMINARY STATEMENT

1.   The Plaintiff Laura Copeland Henley ("Plaintiff"), brings this action against MHM Support Services ("Defendant") for violations of the Family and Medical Leave Act ("FMLA") 29 U.S.C. §2601, et seq.

2.   Defendant hired Plaintiff on or about December 28, 2006, as a sonographer working out of Mercy Hospital in Saint Louis, Missouri.  During her entire tenure as an employee for Defendant, Plaintiff performed the duties of her job in a competent and satisfactory manner.  Despite Plaintiff's competent execution of her job duties, Defendant retaliated against Plaintiff for exercising her rights to take FMLA by terminating her employment on January 30, 2020.  As a result, Plaintiff has suffered significant monetary damages.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §2617, in that this is a civil action arising under the FMLA.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) in that Defendant resides in this district; a substantial part of the events or omissions giving rise to the claim occurred in this district; and because there is no other district in which the action may otherwise be brought.

## PARTIES

5. Plaintiff is an individual who resides in the city of Dittmer, State of Missouri.

6. Plaintiff is an employee, as identified by the FMLA.

7. Upon information and belief, Defendant is non-profit entity with its principal office located in the city of Chesterfield, State of Missouri.

8. Defendant is an employer, as identified by the FMLA.

## FACTS

9. Plaintiff began working for Defendant on or about December 28, 2006, as a sonographer at Mercy Hospital in Saint Louis, Missouri.

10. In the year prior to her termination, Plaintiff worked for Defendant on a full-time basis, and had worked more than 1,250 hours.

11. Defendant employed more than 50 employees within a 75-mile radius of Plaintiff's workplace.

12. During her tenure, Plaintiff's work performance met or exceeded Defendant's legitimate expectations.

13. In early January 2020, Plaintiff was diagnosed with anxiety and work-related stress resulting from strained working relationships within her office.

14. As a result, on January 7, 2020, Plaintiff notified her supervisors and Defendant's leave administration that she would need to take leave for two weeks, starting on or about January 8, 2020.

15. Plaintiff provided Defendant with a doctor's note recommending two weeks of time off.

16. Plaintiff was placed on FMLA leave and began her leave on or about January 8, 2020.

17. On or about January 23, 2020, Plaintiff's FMLA leave was completed and she began working her regular schedule again.

18. On or about January 28, 2020, Plaintiff requested to be placed on intermittent leave as a result of debilitating migraines. She was approved for approximately three hours of leave time that same day.

19. Shortly after her return to work, on or about January 30, 2020, Plaintiff was called into a meeting with a representative from the Human Resources Department and her supervisor Christina Kirkley. Plaintiff was told that she was being terminated for performing work at another facility while she was out on FMLA.

20. Prior to taking FMLA leave, Plaintiff was never informed of a policy which prevented her from engaging in outside or supplemental employment while on FMLA.

21. Plaintiff's need for FMLA leave was for stress and anxiety and was not related to her ability to physically perform the tasks of a sonographer.

22.     Upon information and belief, Defendant did not maintain a formal policy informing employees that they were not allowed to engage in outside or supplemental employment while on FMLA; and/or did not take reasonable measures to inform Plaintiff that said policy existed prior to her taking leave on January 8, 2020; and/or did not uniformly apply such a policy governing outside or supplemental employment.

**COUNT I**
**Retaliation in Violation of the Family and Medical Leave Act**
**29 U.S.C. §2615(a)(2)**

23.     Plaintiff repeats and realleges paragraphs 1-22 hereof, as if fully set forth herein.

24.     Defendant is an employer covered by FMLA pursuant to 29 U.S.C. §2601 et seq. because it employed fifty or more employees for each working day for at least twenty workweeks in the year prior to Plaintiff's leave.

25.     Plaintiff is an FMLA-eligible employee because she was employed by Defendant for approximately 14 years prior to requesting FMLA leave and had been employed by Defendant for over 1,250 hours in the twelve-month period prior to her request.

26.     Plaintiff was entitled to FMLA leave because she was diagnosed with anxiety and work-related stress.

27.     In accordance with FMLA, on January 7, 2020 Plaintiff notified Maria Karich, the Leave Administrator for Defendant, that she would need leave starting on or about January 8, 2020 for two weeks.

28.     Plaintiff exercised her FMLA rights by taking FMLA leave from her job from approximately January 8, 2020, to January 22, 2020.

29.     Plaintiff was qualified for her position and had performed her job duties effectively prior to the acts complained herein.

30. Plaintiff suffered an adverse employment action in retaliation for taking FMLA leave in that she was terminated on January 30, 2020.

31. Defendant's alleged reason for terminating Plaintiff's employment was pretextual and baseless.

32. Defendant's conduct constitutes unlawful retaliation against Plaintiff in violation of Plaintiff's rights under the FMLA. 29 U.S.C. §2615(a).

33. Defendant's actions against Plaintiff constitute willful violations of FMLA and entitle Plaintiff to recover damages against Defendant as provided in 29 U.S.C. §2617.

34. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including past and future lost wages and benefits. Plaintiff is also entitled to liquidated damages, attorney's fees, costs, and other damages as recoverable by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Laura Copeland Henley, respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff her past and future loss of wages and benefits, plus interest and all other compensatory damages to which Plaintiff is entitled;

C. Award Plaintiff any punitive and/or statutory damages to which Plaintiff is entitled due to Defendant's intentional violations of Plaintiff's rights;

D. Award Plaintiff liquidated damages pursuant to 29 U.S.C. §2617(a)(1)(A)(iii);

E. Award Plaintiff all costs and reasonable attorney's fees incurred in connection with this action; and

F.  Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

**Plaintiff demands a trial by jury on all issues in accordance with F.R.C.P. 38.**

DATE:      January 27, 2022

RESPECTFULLY SUBMITTED,

*/s/ Ross A. Davis*
Ross A. Davis, #62836
9322 Manchester Road
Saint Louis, MO 63119
Telephone: 314-888-5858
Fax:  314-888-5866
Email:  rdavis@davisandgras.com

Attorney for Plaintiff